NO. 07-01-0086-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



FEBRUARY 13, 2002



______________________________




BEACH EXPLORATION, INC., APPELLANT



V.



BRADFORD L. MOORE AND McGOWAN & McGOWAN, P.C., APPELLEES




_________________________________



FROM THE 121st DISTRICT COURT OF TERRY COUNTY;



NO. 15,345; HONORABLE MARVIN MARSHALL, JUDGE



_______________________________




Before QUINN and REAVIS and JOHNSON, JJ.


 Beach Exploration, Inc. challenges a summary judgment that it take and recover
nothing on its action for damages against Bradford L. Moore and McGowan & McGowan,
P.C. Presenting two issues, Beach contends the trial court erred in granting Moore and
McGowan's motion for summary judgment (1) on the ground of limitations because Beach's
claim did not accrue within two years of the filing of its lawsuit and the discovery rule
applies to toll the accrual of Beach's claim, and (2) on the ground of proximate causation
because genuine issues of material fact existed as to whether or not the negligent act of
Moore proximately caused damages incurred by Beach. Because the summary judgment
is interlocutory and not subject to appeal, we must dismiss for want of jurisdiction.

 This Court is obligated to determine, sua sponte, its jurisdiction to hear and
consider an appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.--Amarillo 1994,
writ denied); see also New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678
(Tex. 1990). The jurisdiction of this Court is established by various constitutional and
statutory provisions. See, e.g., Tex. Const. art. 5, § 6; Tex. Gov't Code Annotated §
22.220 (Vernon 1988). As a general rule, an appeal may be taken only from a final
judgment. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). As a result, this
Court does not have jurisdiction to review an interlocutory order absent an express grant
of authority. Steeple Oil and Gas Corporation v. Amend, 394 S.W.2d 789, 790 (Tex.
1965); see also Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2002). 
Therefore, before we consider Beach's issues, we must first determine if the order granting
summary judgment signed February 6, 2001, is a final judgment.

 After being engaged by Beach to examine the title to a 160-acre tract in Terry
County and to render their written title opinion, Moore and McGowan, attorneys, submitted
their original title opinion dated December 10, 1986, by which they expressed their opinion
as to the ownership of the oil, gas, and minerals and existing oil, gas, and mineral leases. 
Among other things, the attorneys concluded in the title opinion that Amerada Hess
Corporation owned an undivided one-fourth of the oil, gas, and minerals, and that Beach
held oil, gas, and mineral leases covering the remainder of the oil, gas, and minerals under
the tract. After making arrangements with Amerada Hess Corporation under a "farm out"
agreement, Beach drilled and completed four oil wells on the property which continued to
produce oil, gas, or minerals until 1996, when a third party filed a suit asserting a claim to
part of the oil, gas, and minerals under the tract which interest was not reflected in the
December 10, 1986 title opinion. 

 After entering into a settlement agreement with the third party claimant, on
September 11, 1998, Beach filed suit against Moore and McGowan to recover damages
caused by the failure of the title opinion to inform Beach of the claim and title of the third
party. By paragraph IV of its first amended original petition, (1) Beach alleged:

 Plaintiff brings this suit as operator of the oil and gas property described
herein and the working interest owners, pursuant to a Joint Operating
Agreement by and between Beach Exploration, Inc., as operator, and Hazel
Sims Baldwin, O.J. Barron Estate, Beach Exploration, Inc., William N. Beach,
Brown Royalties, Brock Oil & Gas, Conejos Oil Account, J. Firman Cook, Jr.,
Noel D. Debnam, Arnold M. Gaynor, Randy Geiselman, Huffman
Investments, Deirdre J. Johnson, Bentley B. King, McDonald Company,
Harry L. Mitchell, D.D. Narrell Family Trust, Isham P. Nelson Trust, J. Norton
Company, S. Howard Norton, J.P. Rose, S&M Oil Operations, Harrell
Spears, Mary Swenson Revocable Trust, and Val Dee Wilcox, as working
interest owners. Pursuant to the terms of the Joint Operating Agreement,
Plaintiff has the right, duty, and authority to bring this claim on behalf of the
above named working interest owners. 

The Joint Operating Agreement referenced in the pleadings is not included in the record. 

 By their motion for summary judgment, Moore and McGowan requested that the trial
court:

 grant Summary Judgment in their favor that Plaintiff, Beach Exploration, Inc.
take nothing . . . .


However, the motion for summary judgment does not mention, name, or reference the
remaining 24 working interest owners. Similarly, Beach's response to the motion did not
name, reference, or identify the working interest owners or purport to constitute a response
on behalf of the working interest owners. After a hearing on January 11, 2001, the trial
court signed the following order:

Order Granting Summary Judgment


 On the 11th day of January, 2001, came on to be heard the Motion for Summary Judgment
of Defendants, Bradford L. Moore ("Moore") and McGowan & McGowan, P.C.
("McGowan"). After reviewing the Summary Judgment evidence, and considering the
argument of counsel the Court finds that the Motion for Summary Judgment of Defendants
Moore and McGowan should be granted;


 IT IS THEREFORE, ORDERED as follows:

 

 1. The Motion for Summary Judgment of Defendants Moore and McGowan is hereby 

 granted.


 2. Plaintiff, BEACH EXPLORATION, INC., shall take nothing against Defendants Moore

 and McGowan;


 3. All relief requested and not expressly granted is denied;


 4. Costs of court are taxed against Plaintiff, BEACH EXPLORATION, INC.



 Signed this 6 day of Feb., 2001. /s/ Marvin Marshall 
 JUDGE PRESIDING



The judgment here does not name, reference, or identify the remaining 24 working interest
owners and does not indicate that Beach take nothing in its capacity as operator for the
working interest owners. Except for Beach, the names of the remaining working interest
owners are not set out in the notice of appeal as required by Rule 25.1(c) and (d)(5) of the
Texas Rules of Appellate Procedure. Further, the names of the remaining 24 working
interest owners are not designated as "parties to the trial court's judgment" in Beach's brief
as required by Rule 38.1(a).

 The presumption that a judgment rendered after a conventional trial on the merits
is final and appealable does not apply to a judgment based on a summary judgment
motion, and a judgment which disposes of all remaining parties and claims is final,
regardless of its language. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 199-200 (Tex.
2001). (2) After reviewing numerous cases, the Supreme Court overruled Mafrige v. Ross,
866 S.W.2d 590 (Tex. 1993), and held that the inclusion of a "Mother Hubbard" clause--similar to the clause in the underlying judgment--does not indicate that a judgment
rendered without a conventional trial is final for purposes of appeal. Id. at 203-04. The
Court further held:

 An order that disposes of claims by only one of multiple plaintiffs . . . does
not adjudicate claims by . . . other parties. 


Id. at 205. The Court concluded:


 Rather, there must be some other clear indication that the trial court
intended the order to completely dispose of the entire case. Language that
the plaintiff take nothing by his claims in the case, or that the case is
dismissed, shows finality if there are no other claims by other parties; but
language that 'plaintiff take nothing by his claims against X' when there is
more than one defendant or other parties in the case does not indicate
finality.


(Emphasis added).

Our review of the record as suggested by Lehmann, id. at 206, "reveals the existence of
parties or claims not mentioned in the order," to-wit: the remaining 24 working interest
owners identified in Beach's pleadings. Accordingly, the judgment is interlocutory and not
subject to appeal. For these reasons, this Court is without power to review and consider
the appeal and we have jurisdiction only to dismiss the appeal. 

 Accordingly, this appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice



Publish.
1. Similar to Beach's original petition.
2. Lehmann was pending in the Supreme Court when the trial court heard the motion
for summary judgment.